IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

SHAMOON RAFIQ,
   Intervenor,

VANESSA CROWE, et al
   Plaintiffs

     v.                          Case No. 24-cv-3582

FEDERAL BUREAU OF PRISONS,
   Defendant



RECEIVED
Mail Room
JAN - 8 2025
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

MOTION TO BE INCLUDED AS A PLAINTIFF OR, IN THE ALTERNATIVE, ADDED AS A CLASS MEMBER IN THIS ACTION

I. INTRODUCTION

Pro se Intervenor Shamoon Rafiq ("Mr. Rafiq") respectfully moves the Court to include him as a Plaintiff or, in the alternative, be made part of the class in this case against Defendant Federal Bureau of Prisons in connection with the Defendant's failure to, among other things, properly, adequately, and fully implement the First Step Act ("FSA") sentence-reducing credits under 18 U.S.C. Sections 3632(d)(4) and 3624(g) as Congress intended. In support of the motion, here are the facts:

II. DISCUSSION

Shamoon Rafiq is a FSA-eligible prisoner under 18 U.S.C. Sections 3632(d)(4) and 3624(g)(2)-(3) and moves the Court to add him within the class of this case because he suffers ongoing harm as a result of the Defendant's failure to follow Congress's intent in drafting the FSA. The Defendant's failures to calculate, implement, and execute the FSA as Congress intended, among other things, effects the majority of FSA-eligible prisoners that fall into the following two categories: (1) citizens; and (2) non-citizens:

1. AMERICAN CITIZEN FSA-ELIGIBLE PRISONERS UNDER 18 U.S.C. SECTION 3632(d)(4)

Congress's intent under 18 U.S.C. Section 3632(d)(6) makes clear that it intended FSA-eligible prisoners' earned time credits under 18 U.S.C. Section 3632(d)(4)(A)(i)-(ii) to be separate from all other incentive programs including those under 18 U.S.C. Sections 3624(b)(1) and 3624(c)(1)-(2). To independently execute the incentives under Sections 3632(d)(4)(A)(i)-(ii); 3624(g)(2)-(3); 3624(b)(1); and 3624(c)(1)-(2) as Congress intended, a simple three-step calculation is necessary to properly execute Section 3624(g)(1)(A):

(1) determine first a prisoner's projected prerelease custody release date under Sections 3624(g)(2)-(3) from the prisoner's projected release date under 18 U.S.C. Section 3623(b);
(2) determine next the prisoner's projected and uncalculated earned time credits under 18 U.S.C. Section 3624(b)(1) and recalculate the prisoners prerelease custody date under Section 3624(g)(1)(A) in concert with step (1);
(3) determine last the prisoner's maximum (up to) 12 month Residential Re-entry Center Program date to then administratively submit a prisoner for a conditional RRC placement date in the community under Section 3624(c)(2)-(3).

The Defendant has failed, and continues to fail, to follow this simple three-step formula and has violated the FSA costing the taxpayers millions of dollars by keeping prisoners in prison longer than necessary and the time has come to hold those accountable for the harm suffered by the class in this case.

2. AMERICAN NON-CITIZEN FSA-ELIGIBLE PRISONERS UNDER 18 U.S.C. SECTION 3632(d)(4)

Under 18 U.S.C. Section 3632(d)(4)(E)(i), a prisoner is ineligible to receive FSA credits under Section 3632(d)(4)(C) if the prisoner is subject to a final order of deportation. It is clear that an FSA-eligible non-citizen prisoner who has a detainer for possible deportation is eligible for earlier release under 18 U.S.C. Section 3624(g)(3) to ICE custody. See, e.g., United States v. Alcazar, No. cr-15-481 (N.D. Cal. 2015)(court order granting defendant's reduction in sentence under Amendment 821 and subsequent release of the defendant to ICE custody with his FSA time credits under 18 U.S.C. Section 3624(g)(3) still being applied by prison officials).

Despite classes of non-citizen defendants having no final orders of deportation, the Defendant routinely waits until an American non-citizen is close to his or her FSA release date under 18 U.S.C. Section 3624(g)(3) and rescinds the prisoner's FSA eligibility relying on his or her ICE detainer that causes non-citizen prisoners to serve one year more in federal custody having had his or her earned FSA time credits under Section 3624(g)(3) inappropriately rescinded due to only an ICE detainer or an ICE agency determination.

---

Shamoon Rafiq falls into the second category of this class of defendants and therefore wishes to be either added as a Plaintiff in this case or, in the alternative, added to the class of defendants represented by the attorney of record in this case.

III. CONCLUSION

For the above reasons, Mr. Rafiq requests that he be added as a qualifying Plaintiff or within the class in this case and that counsel of record include his being noticed of filings made in this case or of any other action if the Court grants this motion.

Respectfully submitted,

Dated: January 2, 2024

Shamoon Rafiq pro se
Reg. No. 70836-053
FMC Devens
P.O. Box 879
Ayer, MA  01432

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing to be served on the parties in this case by First Class United States Mail with postage fully prepaid.

Dated: January 2, 2024

Shamoon Rafiq