UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VANESSA CROWE et al., )<br>)<br>Plaintiffs )<br>)<br>v. )<br>)<br>FEDERAL BUREAU OF PRISONS et al., )<br>)<br>Defendants. )<br>) | Case No. 24-cv-03582 (APM) |

## ORDER ON MOTIONS TO INTERVENE

Pro se litigants Shamoon Rafiq, Steven Mesrop, Stephen Aguiar, Bernadito Carvajal, Sergio Amaya-Martinez, and Annamalai Annamalai (collectively, "Intervenors") each move to intervene in this pending matter. *See* Mots. to Intervene, ECF Nos. 13, 17, 18, 19, 20, 21. This putative class action alleges that the Bureau of Prisons has unlawfully declined to transfer eligible federal prisoners with enough "earned time credits" to "prelease custody" under the First Step Act, Pub. L. No. 115-391, § 101, 132 Stat. 5194, 5196–5208 (2018). *See generally* Compl., ECF No. 1. The named plaintiffs seek to represent a class of incarcerated individuals "who have earned or will earn time credits under the First Step Act, who meet or will meet the prerequisites for prelease custody" under the Act, "and who have not been or will not be moved out of prison on or before the date when their time credits equal their remaining sentences." *See* Pls.' Mot. for Class Cert., ECF No. 2, at 1. Intervenors seek to be included as plaintiffs in this proposed class. The court concludes that Intervenors have not satisfied the prerequisites for intervention as of right under Fed. R. Civ. P. 24(a)(2). The court will further not allow permissive intervention under Fed. R. Civ. P. 24(b) at this juncture.

An applicant may intervene as of right under Federal Rule of Civil Procedure 24(a)(2) if they meet four prerequisites: "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests." *Karsner v. Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008) (internal quotation marks omitted). Even if Intervenors were able to establish their eligibility on the first three prongs, which they fail to make any argument on, they falter on the fourth.

Though the burden of showing that named plaintiffs inadequately represent the Intervenors' interest is "minimal," *see Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003) (internal quotation marks omitted), they must make *some* showing that their interests are not identical to those of named plaintiffs, *see Jones v. Prince George's Cty.*, 348 F.3d 1014, 1020 (D.C. Cir. 2003). Here, Intervenors make no attempt to do so—they instead assert that they are eligible prisoners who are potential members of the putative class in this case. *See* Mots. to Intervene, ECF Nos. 17, 18, 19, 20, 21, at 1–2 (nearly identical intervention motions arguing that Intervenors qualify for the class and seek in the alternative to be added "within the class in this case."); Mot. to Intervene of Annamalai Annamalai, ECF No. 21, at 2–3 (asserting that Intervenor Annamalai has earned the requisite time credits for prerelease custody). Courts often find that intervenors are adequately represented for purposes of Rule 24 where they are putative members of a class. *See Barnes v. District of Columbia*, 274 F.R.D. 314, 319 (D.D.C. 2011); *Nat'l Veterans Legal Servs. Program v. United States*, No. 16-cv-0745 (PLF), 2021 WL 5332029, at *2–3 (D.D.C. Nov. 16, 2021). Though the court has not had occasion to rule on the class certification motion, Intervenors do not carry their minimal burden of showing that their interests are not adequately represented by the named plaintiffs at this juncture. *See Mathews v. Home Depot USA, Inc.*, No. 1:22-cv-02605-

ELR, 2024 WL 4156416, at *3, 8–9 (N.D. Ga. Sept. 5, 2024) (declining intervention as of right prior to ruling on class certification where intervenor asserted the same interest as the proposed class and made no showing of inadequate representation); *Etters v. Bennett*, No. 5:09-CT-3187-D, 2011 WL 3320489, at *2–3 (E.D.N.C. Aug. 1, 2011) (similar).

The court also declines to grant permissive intervention. An applicant may intervene permissively if he: "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). Allowing permissive intervention is an "inherently discretionary enterprise." *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998). Indeed, "[d]istrict courts have the discretion . . . to deny a motion for permissive intervention even if the movant established an independent jurisdictional basis, submitted a timely motion, and advanced a claim or defense that shares a common question with the main action." *Id.* at 1048. The court finds that intervention is likely to "prejudice adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Intervenors are incarcerated prisoners proceeding pro se. Their full participation as pro se plaintiffs likely will cause delays in adjudicating this matter, to the detriment of both sides. There is also the risk that, as pro se litigants, they will raise unmeritorious arguments. In addition, their addition as party-plaintiffs is not likely to advance matters, as the named plaintiffs are putative class representatives represented by competent counsel.

Lastly, to the extent that Intervenors seek to be added to a class in this case now, those requests are not yet timely given the pending Motion for Class Certification, ECF No. 2.

Accordingly, the Motions to Intervene, ECF Nos. 13, 17, 18, 19, 20, 21, are denied.

Dated: January 17, 2025

Amit P. Mehta
United States District Court Judge