IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Vanessa CROWE and Glen GALEMMO, *individually and on behalf of all others similarly situated* <br><br> *Plaintiffs*, <br><br> v. <br><br> FEDERAL BUREAU OF PRISONS, *et al.*, <br><br> *Defendants*. | No. 1:24-cv-3582 (APM) |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs in this case assert that the First Step Act requires the BOP to transfer a person to prerelease custody when their First Step Act time credits equal the remainder of their sentence. ECF 16 at 13–16; ECF 41 at 17–21, 22–28. Defendants argue that "shall" in the First Step Act does not mean "shall," and that the Bureau of Prisons ("BOP") has unreviewable discretion as to whether it applies First Step Act time credits toward prerelease custody. ECF 34 at 18–28; 28–30.

Subsequent to Plaintiffs' most recent filing, the Eastern District of California handed down *Kuzmenko v. Phillips*, No. 2:25-cv-00663, 2025 WL 779743 (E.D. Cal. Mar. 10, 2025). The court in *Kuzmenko* held that the First Step Act, in 18 U.S.C. § 3632(d)(4)(C), imposes a "mandatory" duty on the BOP to transfer eligible people to prerelease custody. *Id.* at *5–6. It contrasted that mandatory duty with the separate issues of where a person will serve such prerelease custody, which is entrusted to the BOP's discretion, *id.* at *3 (citing 18 U.S.C. § 3621), and how to divide

earned time credits between prerelease custody and supervised release, over which the BOP also has some discretion, *id.* at *6 (citing 18 U.S.C. § 3632(d)(4)(C)).  Similarly, the court in *Kuzmenko* contrasted the mandatory language in the First Step Act with that of the Second Chance Act, which includes the caveat "to the extent practicable," *id.* at *5 n.6.  As the court recognized, that caveat in the Second Chance Act "expressly modifies the language shall and expressly provides the BOP with discretion," but "[s]uch qualifying language is notably absent from" the First Step Act.  *Id.*

Plaintiffs submit this decision as supplemental authority in support of their motion for a preliminary injunction and for provisional class certification (ECF 16) and their opposition to Defendants' motion to dismiss and reply in support of Plaintiffs' motion for preliminary injunction (ECF 41).  The decision has been attached as an exhibit.

[signatures on following page]

Dated: March 17, 2025

/s/ Elizabeth Henthorne
Elizabeth Henthorne (D.C. Bar No. 1562688)
Brantley A. Butcher (D.C. Bar No. 90029703)
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
(202) 637-6367
bhenthorne@jenner.com
bbutcher@jenner.com

Julius Mitchell* (D.C. Bar No. 1671322)
JENNER & BLOCK LLP
1155 6th Avenue
New York, NY 10036
(212) 891-1600
julius.mitchell@jenner.com

Respectfully submitted,

Emma A. Andersson* (CA Bar No. 260637)
Julian Clark* (NY Bar No. 5824180)
American Civil Liberties Union Foundation
125 Broad St. – 18th Floor
New York, NY 10004
(212) 549-2500
eandersson@aclu.org
jclark@aclu.org

Aditi Shah**
Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
American Civil Liberties Union Foundation
of the District of Columbia
529 14th Street NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
ashah@acludc.org
aspitzer@acludc.org
smichelman@acludc.org

*Admitted pro hac vice.

**Admitted pro hac vice; not admitted in DC; practice limited to matters before federal courts and District of Columbia agencies.

Attorneys for Plaintiffs and the Proposed Class

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that, on the 17th day of March, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record. Counsel for Plaintiffs will also cause a copy of the foregoing to be served via Federal Rule of Civil Procedure 5(b)(2)(E).

      By: /s/ *Elizabeth Henthorne*
      Elizabeth Henthorne