IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Vanessa CROWE and Glen GALEMMO, *individually and on behalf of all others similarly situated*<br><br>*Plaintiffs*,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS, *et al.*,<br><br>*Defendants*. | No. 1:24-cv-3582 (APM) |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs respectfully submit the enclosed memorandum opinion issued two days ago in *Adepoju v. Scales*, No. 3:25-cv-245 (E.D. Va May 14, 2025), ECF 21, rejecting the government's argument that 18 U.S.C. § 3621 deprives a court of jurisdiction to review the decision of the Bureau of Prisons (BOP) to detain someone in a federal prison instead of a Residential Reentry Center (RRC).

*Adepoju* is a habeas case in which the petitioner argued that BOP's decision to remove him from an RRC and place him back in prison violated the First Step Act and his due process rights. *Id.* at 10. The government argued there—as here—that:

> [W]hen a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment. (ECF No. 18, at 6 (quoting *Tapia v. United States*, 564 U.S. 319, 331 (2011) (quoting 18 U.S.C. § 3621(b))).) Under the same statute, '[n]otwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.' 18 U.S.C. § 3621(b)(5).

*Id.* (second alteration added by court).

The court in *Adepoju* rejected this argument, holding that "[t]he BOP's plenary control

1

over 'the place of [a] prisoner's imprisonment' . . . does not render inoperative the FSA's system of 'mandatory time credits', which unambiguously requires that '[t]he Director of the Bureau of Prisons **shall** transfer eligible prisoners . . . into prerelease custody or supervised release.'" *Id.* at 12 (quoting, respectively, 18 U.S.C. § 3621(b); *Valladares v. Ray*, 130 F.4th 74, 77 (4th Cir. 2025); and 18 U.S.C. § 3632(d)(4)(C) (emphasis and second and third alterations added by the court)).[1] "Nor," the court continued, "does it strip this Court of its jurisdiction over Mr. Adepoju's claim that the BOP violated this provision of the FSA." *Id.*

      A copy of the decision is attached as Exhibit A.

---

[1] The court's citation for the first quotation is to 18 U.S.C. § 3621(c), but that appears to be a typographical error, as the quoted language appears in subsection (b) and not in (c).

Dated: May 16, 2025

*/s/ Elizabeth Henthorne*
Elizabeth Henthorne (D.C. Bar No. 1562688)
Brantley A. Butcher* (D.C. Bar No. 90029703)
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
(202) 637-6367
bhenthorne@jenner.com
bbutcher@jenner.com

Julius Mitchell* (D.C. Bar No. 1671322)
JENNER & BLOCK LLP
1155 6th Avenue
New York, NY 10036
(212) 891-1600
julius.mitchell@jenner.com

*/s/ Emma Andersson*
Emma A. Andersson* (CA Bar No. 260637)
Julian Clark* (NY Bar No. 5824180)
American Civil Liberties Union Foundation
125 Broad St. – 18th Floor
New York, NY 10004
(212) 549-2500
eandersson@aclu.org
jclark@aclu.org

*Admitted pro hac vice.

Respectfully submitted,

*/s/ Aditi Shah*
Aditi Shah* (D.C. Bar No. 90033136)
Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
American Civil Liberties Union Foundation
of the District of Columbia
529 14th Street NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
ashah@acludc.org
aspitzer@acludc.org
smichelman@acludc.org

*Attorneys for Plaintiffs and the Proposed Class*

3