IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Vanessa CROWE and Glen GALEMMO,
*individually and on behalf of all others similarly situated*

      *Plaintiffs*,

    v.

FEDERAL BUREAU OF PRISONS, *et al.*,

      *Defendants*.

No. 1:24-cv-3582 (APM)

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR A CLASSWIDE PRELIMINARY INJUNCTION AND IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

    During the May 15 hearing, this Court asked: (1) whether it can grant injunctive relief to Plaintiffs under 5 U.S.C. § 706(1) even though their Second Claim for Relief does not cite that statute; and (2) whether inherent equitable power can provide relief where a claim under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), is also available. The answer to each question is yes. The omission of § 706(1) in the Second Claim for Relief presents no obstacle to granting relief under that statute because it is merely a legal theory supporting Plaintiffs' claim for relief, not a factual allegation necessary to provide Defendants adequate notice. In the alternative, the Court can grant relief under its inherent equitable power because the availability of an APA claim does not displace the Court's equitable power to enjoin Defendants from violating the First Step Act. In any event, Defendants waived this objection by failing to raise it in their briefs, where they made arguments only about *ultra vires*, a separate claim not at issue here.

**I. Plaintiffs' Failure To Plead § 706(1) In The Complaint Poses No Obstacle To Relief.**

    It is hornbook law that in the complaint, "it is unnecessary to set out a legal theory for the

1

plaintiff's claim for relief." 5 Wright & Miller, *Fed. Prac. & Proc. Civ.* § 1219 (4th ed. updated May 2025). As the Supreme Court has held, "'[f]ederal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,'; they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (quoting Fed. R. Civ. P. 8(a)(2)). *See also, e.g.*, *Empagran S.A. v. F. Hoffman-LaRoche, Ltd.*, 388 F.3d 337, 341 (D.C. Cir. 2004) ("[T]he liberal concepts of notice pleading embodied in the Federal Rules do not require the pleading of legal theories.") (cleaned up); *Parker v. Hoglander*, 2016 WL 3527014, at *2 (D.D.C. June 23, 2016) (Plaintiff's "failure to cite the correct statute in his complaint is of no moment"); *Jasperson v. Fed. Bureau of Prisons*, 460 F. Supp. 2d 76, 85 (D.D.C. 2006) (construing complaint that did not cite APA "as containing an APA claim" where complaint allegations, "on their face, indicate that the plaintiff is seeking review of administrative action") (cleaned up). Every Circuit that has addressed this issue has held the same.[1]

Plaintiffs' complaint raises two claims for relief. Claim 1 alleges that the Bureau of Prisons'

---

[1] *See, e.g.*, *Whitaker v. Milwaukee Cnty., Wis.*, 772 F.3d 802, 808 (7th Cir. 2014) ("[I]t is factual allegations, not legal theories, that must be pleaded in a complaint."); *Wynder v. McMahon*, 360 F.3d 73, 77 (2d Cir. 2004) ("Rule 8's liberal pleading principles do not permit dismissal for failure in a complaint to cite a statute, or to cite the correct one . . . . Factual allegations alone are what matters.") (cleaned up); *Jet Courier Servs., Inc. v. Fed. Rsrv. Bank of Atlanta*, 713 F.2d 1221, 1224 n.1 (6th Cir. 1983) ("Though the plaintiffs did not cite the Administrative Procedure Act (APA) . . . in their complaint, it is evident from the fact that they sought to enjoin action of the Federal Reserve 'not in accordance with law' that they were seeking review under the APA."); *accord, e.g.*, *Nat'l Press Photographers Ass'n v. McCraw*, 90 F.4th 770, 797 n.158 (5th Cir. 2024), *cert. denied sub nom. Nat'l Press Photographers Ass'n v. Higgins*, 145 S. Ct. 140 (2024); *Aspen Am. Ins. Co. v. Landstar Ranger, Inc.*, 65 F.4th 1261, 1269 (11th Cir. 2023); *Pac. Coast Fed'n of Fishermen's Ass'ns v. Glaser*, 945 F.3d 1076, 1086 (9th Cir. 2019); *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 293 n.14 (3d Cir. 2018); *Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 418 (4th Cir. 2014); *Morales-Vallellanes v. Potter*, 339 F.3d 9, 14 (1st Cir. 2003); *Phillips v. Grendahl*, 312 F.3d 357, 364 (8th Cir. 2002), *abrogated on other grounds by Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007).

("BOP") regulation is unlawful and should be set aside under the APA, 5 U.S.C. § 706(2). Claim 2—the claim on which Plaintiffs seek preliminary injunctive relief—alleges that the BOP is violating the First Step Act by failing to transfer people out of prison when their earned time credits equal the time remaining on their sentences. Plaintiffs' failure to cite § 706(1) in Claim 2 does not foreclose relief under that statute because the complaint "plead[s] facts sufficient to show that [their] claim has substantive plausibility" under that statute. *Johnson*, 574 U.S. at 12.

*Johnson* is squarely on point. There, employees of Shelby, Mississippi, alleged they were fired without due process and sued the city for damages. *Id.* at 10. The district court entered summary judgment against plaintiffs, and the Fifth Circuit affirmed based on plaintiffs' failure to invoke 42 U.S.C. § 1983 in their complaint. *Id.* The Supreme Court reversed, holding that the failure to invoke § 1983 did not matter because plaintiffs "stated simply, concisely, and directly events that, they alleged, entitled them to damages from the city." *Id.* at 12.

Similarly here, Plaintiffs alleged all facts necessary to state a claim under § 706(1)—namely, that the First Step Act requires BOP to transfer people into prerelease custody when their earned time credits equal the time remaining on their sentences and that BOP is failing to do so for Plaintiffs and putative class members. ECF 1 ¶¶ 47–50. Defendants never argued that Plaintiffs failed to plead adequate *facts*—including facts sufficient to allege final agency action—to set forth a claim under § 706(1). Indeed, Defendants understood that Plaintiffs "assert in briefing . . . an APA claim under 5 U.S.C. § 706(1) based on the exact same theory" as their "nonstatutory claim alleg[ing] that agency inaction . . . is the source of their injury." ECF 34 at 32. Given that the complaint repeatedly alleged in substance agency action unlawfully withheld, 5 U.S.C. § 706(1), and Defendants understood and argued the merits of that claim, *see, e.g.*, ECF 34 at 32, counsel's failure to cite § 706(1) poses no barrier to the Court granting injunctive relief under § 706(1). *See*

3

5 Wright & Miller, *supra*, § 1219 ("[W]hen a party has a valid claim, he should recover on it regardless of his counsel's failure to perceive the true basis of the claim at the pleading stage, provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining a defense upon the merits.").

Precedent and the Federal Rules further show that an amended complaint is not required for the Court to grant relief. Federal Rule of Civil Procedure 8(e) requires pleadings to be "construed so as to do justice." Given the months it would take for a new class representative to exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e, it would serve no purpose but formality to require an amended complaint that would simply add a citation to and recite the elements of § 706(1), especially where the arguments have already been fully briefed. *See Parker*, 2016 WL 3527014, at *2 (not requiring amendment where complaint cited Title VII instead of the Age Discrimination in Employment Act for age discrimination claim); *Jasperson*, 460 F. Supp. 2d at 84–85 (not requiring amendment and granting preliminary injunction despite complaint's failure to cite APA because the nature of the challenge rendered it "cognizable under the APA"). Requiring an amended complaint would delay urgent relief needed for class members who remain in prison longer than legally permitted.

## II.    The Court May Grant Relief Via Its Inherent Equitable Power.

Alternatively, the Court can enjoin Defendants from violating the First Step Act via its inherent equitable power. The Supreme Court's decision in *Armstrong v. Exceptional Child Ctr., Inc.* made clear that the availability of an alternative remedy "might not, *by itself*, preclude the availability of equitable relief" but "does so when combined with the judicially unadministrable nature" of the right at issue. 575 U.S. 320, 328 (2015). This is because "by default, federal courts have 'jurisdiction in equity,'" and the "'full scope of [this] jurisdiction is to be recognized and

applied,' absent only 'the clearest command' otherwise in a statute." *Mathis v. U.S. Parole Comm'n*, 749 F. Supp. 3d 8, 23 (D.D.C. 2024) (quoting, in turn, *Porter v. Warner Holding Co.*, 328 U.S. 395, 398 (1946), and *McQuiggin v. Perkins*, 569 U.S. 383, 397 (2013)). As the Supreme Court explained, the availability of an alternative statutory remedy by itself "does not demonstrate that Congress has displayed an intent not to provide the more complete and more immediate relief that would otherwise be available under *Ex parte Young*." *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 256 n.3 (2011) (cleaned up), *cited with approval in Armstrong*, 575 U.S. at 328.[2]

Courts have long understood that inherent equitable power and an APA claim can coexist. In *Youngstown Sheet & Tube Co. v. Sawyer*, the Supreme Court affirmed the district court's injunction against the Secretary of Commerce for a final agency action without relying on the APA. 343 U.S. 579, 583 (1952) (challenging Secretary's "possessory orders" effectuating seizures of steel mills).[3] A ruling that the APA forecloses the use of inherent equitable power to enjoin unlawful action would be inconsistent with this history, as well as the Court's recent explanations of the doctrine in *Armstrong* and *Stewart*. In any event, the Court need not decide whether these claims can coexist because Defendants did not argue in their briefs that they cannot, instead making arguments only about *ultra vires* review, ECF 34 at 32—which Plaintiffs did not seek and which they have explained is different from inherent equitable power, ECF 41 (Pls. MTD Opp. & PI Reply Br.) at 33–37. *See Lewis v. U.S. Parole Comm'n*, 743 F. Supp. 3d 181, 200 (D.D.C. 2024) (defendants waived argument that mandamus claim and APA claim cannot coexist).

---

[2] *Armstrong*, 575 U.S. at 327, cited *Ex parte Young*, 209 U.S. 123 (1908), as a classic example of the use of inherent equitable power to enjoin a state official from violating federal law.
[3] Relief was available under Section 10 of the 1952 version of the APA. *See* https://www.justice.gov/sites/default/files/jmd/legacy/2014/05/01/act-pl79-404.pdf.

Dated: May 23, 2025

*/s/ Elizabeth Henthorne*
Elizabeth Henthorne (D.C. Bar No. 1562688)
Brantley A. Butcher (D.C. Bar No. 90029703)
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
(202) 637-6367
bhenthorne@jenner.com
bbutcher@jenner.com

Julius Mitchell* (D.C. Bar No. 1671322)
JENNER & BLOCK LLP
1155 6th Avenue
New York, NY 10036
(212) 891-1600
julius.mitchell@jenner.com

*/s/ Emma Andersson*
Emma A. Andersson* (CA Bar No. 260637)
Julian Clark* (NY Bar No. 5824180)
American Civil Liberties Union Foundation
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2500
eandersson@aclu.org
jclark@aclu.org

*Admitted pro hac vice.

Respectfully submitted,

*/s/ Aditi Shah*
Aditi Shah (D.C. Bar No. 90033136)
Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
American Civil Liberties Union Foundation
of the District of Columbia
529 14th Street NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
ashah@acludc.org
aspitzer@acludc.org
smichelman@acludc.org

*Attorneys for Plaintiffs and the Proposed Class*